STATE OF MINNESOTA                     DISTRICT COURT

COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

                                       Case Type: Civil Rights
Catrice Lynch,                         Court File No. _____

    Plaintiff,

v.                                     **COMPLAINT**

City of Minneapolis and John
Does 1-10;

    Defendants.

## **THE PARTIES**

1. Plaintiff is an adult female who currently resides and has resided in Minneapolis, Minnesota at all times relevant to this action.

2. Defendants John Does 1-10 are adult males who at all times relevant to the allegations set forth in this Complaint were acting under the color of state law in their capacities as law enforcement officers employed by the City of Minneapolis, Minnesota. Their true names are unknown to Plaintiff at this time. Plaintiff is suing the Does in their individual capacities.

3. Defendant City of Minneapolis is a political subdivision of the State of Minnesota. Minneapolis employed defendants John Does 1-10 as police officers at all times relevant to this action. Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of Officers John Does 1-10. Minneapolis is the political subdivision charged with

training and supervising law enforcement officers. Minneapolis has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Minneapolis regarding seizures and the use of force. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and federal and state common law. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## GENERAL ALLEGATIONS

5. On September 26, 2014 at or around 6 PM, John Does 1-10 entered Plaintiff's house in Minneapolis.

6. Neither Plaintiff nor any other occupants of her house consented to the Does entering her house.

7. When the Does entered Plaintiff's house, they started beating up another occupant of her house.

8. Plaintiff pulled out her mobile phone and told the Does that she was going to record them beating up the other occupant.

9. In response to Plaintiff's comment regarding recording the Does beating up the other occupant, one of the Does grabbed her and rammed her headfirst into her front door, then kicked her while she was down on the ground.

10. That Doe continued to beat Plaintiff up.

11. That Doe punched and kicked Plaintiff repeatedly.

12. That Doe put Plaintiff in handcuffs.

13. That Doe kicked Plaintiff when she was prone on the ground and in handcuffs.

14. That Doe put Plaintiff in a police squad car and left her there for up to 20 minutes.

15. The Does released Plaintiff.

16. Plaintiff did not do anything during this incident that would cause a person to use force against her.

17. Plaintiff did not interfere with the officers at any time relevant to this action.

18. Plaintiff did not resist arrest at any time relevant to this action.

19. Plaintiff was cooperative with the officers at all times relevant to this action.

20. Defendants' conduct caused Plaintiff to suffer injuries.

21. Plaintiff sought treatment for her physical injuries at the emergency room later that evening.

22. Plaintiff's health care providers diagnosed her as suffering from a ligament sprain of her wrist and a traumatic hematoma of her wrist.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST AND UNLAWFUL SEIZURE

23. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

24. Defendants proximately caused Plaintiff's arrest.

25. Defendants proximately caused Plaintiff's detention.

26. Defendants lacked a warrant authorizing them to arrest Plaintiff, detain Plaintiff, or enter Plaintiff's home.

27. Defendants lacked probable cause or reasonable suspicion to arrest and detain Plaintiff.

28. Defendants lacked a reasonable belief of probable cause or reasonable suspicion to arrest and detain Plaintiff.

29. Defendants were not otherwise authorized to arrest Plaintiff, detain Plaintiff, or enter Plaintiff's home.

30. Defendants were acting under color of state law when they caused Plaintiff's arrest and detention.

31. Defendants' actions and omissions caused Plaintiff to suffer a violation of her Fourth Amendment rights.

32. At the time of Plaintiff's arrest, it was clearly established that it is unconstitutional to authorize or execute an arrest or detention absent probable cause or reasonable suspicion.

33. At the time of Plaintiff's arrest, it was clearly established that it is unconstitutional to authorize or execute a seizure inside a person's home.[1]

34. Plaintiff suffered harm and damages as a result of Defendants' denial of her constitutional rights.

**COUNT II**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE**

35. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

36. At least one of the Does used force against Plaintiff while effectuating a seizure of her.

37. The amount of force that Doe used while seizing Plaintiff was unreasonable under the circumstances.

38. That Doe was acting under color of state law when he used unreasonable force while seizing Plaintiff.

39. That Doe's actions and omissions caused Plaintiff to suffer a violation of her Fourth Amendment rights.

---

[1] *Florida v. Jardines*, 133 S. Ct. 1409, 1414 (2013) ("when it comes to the Fourth Amendment, the home is first among equals. At the Amendment's 'core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'") (citation omitted); *Payton v. New York*, 445 U.S. 573, 586 (1980) ("It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.") (internal quotation marks omitted); *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998) ("It is clearly established that the Fourth Amendment prohibits a warrantless entry into a suspect's home to make a routine felony arrest absent consent or exigent circumstances.") (citation omitted).

40. At the time of the events giving rise to this action, it was clearly established that it is unconstitutional to use unreasonable force, as that Doe used against Plaintiff, to effectuate a seizure.

41. The other Does witnessed that Doe use excessive force against Plaintiff.

42. The other Does had an affirmative duty to intervene on behalf of Plaintiff, whose Fourth Amendment rights were being violated in their presence by another law enforcement officer.[2]

43. The other Does failed to intervene on Plaintiff's behalf.

44. Plaintiff suffered harm as a result of Defendants' denial of her constitutional rights.

## COUNT III
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS

45. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

46. Observing and recording public police activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is therefore expressive conduct protected by the First Amendment to the United States Constitution.

47. Defendants' arrest of Plaintiff in absence of probable cause that she had committed a crime constituted unlawful retaliation by public officials

---

[2] *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir.1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981).

6

for Plaintiff engaging in activity protected by the First Amendment to the U.S. Constitution.

48. Defendants' use of force against Plaintiff constituted unlawful retaliation by public officials for Plaintiff engaging in activity protected by the First Amendment to the U.S. Constitution.

49. Defendant City of Minneapolis is responsible for the violation of Plaintiff's constitutional rights because the individual Defendants' actions resulted from the City's custom, pattern, practice, or policy of allowing officers to arrest individuals for their expressive conduct in videotaping or otherwise recording police undertaking their official duties.

50. Plaintiff suffered harm as a result of Defendants' denial of her constitutional rights.

## COUNT IV
## INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff restates the preceding paragraphs as though fully stated herein.

52. By Defendants' aforementioned wrongful conduct and/or failure to act, Defendants engaged in a pattern of unlawful conduct that caused Plaintiff to suffer severe emotional distress and trauma that no reasonable person could be expected to endure.

53. The course of Defendants' conduct was so extreme and outrageous that it goes beyond all possible bounds of decency and is utterly intolerable in a civilized society.

54. Defendants, by their extreme and outrageous conduct complained of herein, intentionally and/or recklessly caused severe emotional distress to Plaintiff.

55. Plaintiff has suffered injuries as a result of the severe emotional distress caused by Defendants, in an amount to be proven at trial.

## COUNT V
## BATTERY

56. Plaintiff restates the preceding paragraphs as though fully stated herein.

57. Defendants harmfully touched Plaintiff.

58. Defendants' actions were objectively unreasonable and actually and proximately caused Plaintiff to suffer harm.

## JURY DEMAND

59. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on her claims against Defendants in an amount exceeding $50,000, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983;

3. Award Plaintiff damages to compensate her for the injuries she suffered as a result of Defendants' unlawful conduct;

4. If Defendants remove this case to federal court, award Plaintiff punitive damages with respect to her claims under federal law, the exact amount to be proven at trial;

5. Grant Plaintiff leave to amend the Complaint to include a claim for punitive damages, the exact amount to be proven at trial;

6. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

7. Grant Plaintiff all statutory relief to which she is entitled;

8. Grant Plaintiff leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

9. Grant any other relief the Court deems just and equitable.

Dated: October 13, 2014

/s/ Joshua Williams

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledge that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: October 13, 2014

*[signature]*

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**