UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CATRICE LYNCH, | Case No. 14-CV-4673 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF MINNEAPOLIS, | |
| Defendant. | |

    Joshua R. Williams and Timothy M. Phillips, LAW OFFICE OF JOSHUA R. WILLIAMS, PLLC, for plaintiff.

    Andrea Kloehn Naef and George H. Norris, MINNEAPOLIS CITY ATTORNEY'S OFFICE, for defendant.

    Plaintiff Catrice Lynch brought a civil-rights lawsuit against the City of Minneapolis ("City") and several of its police officers. The case settled for $10,000. The parties also agreed that Lynch was entitled to recover reasonable attorney's fees and costs, but they could not agree on the amount. When negotiations broke off, the City was offering to pay $49,999, and Lynch was offering to accept $52,088.50. Williams Decl. 1, ECF No. 38, at 7-8. Rather than finding a way to bridge this $2,000 gap (such as splitting the difference or flipping a coin), the parties decided to spend far more than $2,000 in litigating over attorney's fees and costs. Lynch filed a 26-page petition for fees

and costs (ECF No. 36), the City filed a 19-page response, Lynch filed a 6-page reply, and together the parties filed dozens of pages of affidavits and exhibits.[1]

After carefully reviewing these materials, the Court finds that Lynch is entitled to recover $41,352 in fees and $1,248.50 in costs, for a total recovery of $42,600.50.

## I.  ATTORNEY'S FEES

Lynch sued the City under 42 U.S.C. § 1983 for violating her rights under the Fourth Amendment.  As the parties agree, Lynch has prevailed on that claim and therefore is entitled to recover reasonable attorney's fees.  *See* 42 U.S.C. § 1988(b); *Wray v. Clarke*, 151 F.3d 807, 809 (8th Cir. 1998).  The parties disagree, however, about what fees are reasonable.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' although a district court has discretion to adjust the fee to account for other considerations, such as the nature of the results obtained."  *Miller v. Dugan*, 764 F.3d 826, 830-31 (8th Cir. 2014) (quoting *Hensley*, 461 U.S. at 433).

---

[1]To the considerable credit of Lynch, she is not seeking to recover the fees that she incurred in briefing her motion for attorney's fees.  ECF No. 36 at 24.

*A. Hourly Rate*

The parties spend many pages discussing settlement negotiations and the merits of the underlying case, but the main question before the Court is the hourly rate that should be paid to Lynch's attorney, Joshua R. Williams.[2]  Williams argues that he should be paid $400 per hour, whereas the City argues that $300 per hour is appropriate.

"A reasonable hourly rate is the prevailing market rate in the *relevant legal community* for similar services provided by lawyers of comparable skill, experience, and reputation."  *Bores v. Domino's Pizza LLC*, 05-CV-2498 RHK/JSM, 2008 WL 4755834, at *5 (D. Minn. Oct. 27, 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)); *see also Miller*, 764 F.3d at 831.  In determining a reasonable hourly rate, the Court considers the parties' submissions and "may rely on [its] own experience and knowledge of prevailing market rates."  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Lynch argues that, in defining the relevant legal community, the Court should look beyond Minnesota and consider rates that courts have awarded nationally "[b]ecause civil rights litigation is a novel and specialized field."  Pl. Pet. 17 n.7, ECF No. 36.  The Court disagrees.  Civil-rights litigation is ubiquitous in the District of Minnesota; the undersigned has handled dozens of civil-rights actions in the past

---

[2]Timothy M. Phillips appeared as co-counsel for Lynch, but he did almost no work on the case, and Lynch is not seeking to recover his fees.

decade, and there are many well-qualified attorneys in the Twin Cities who regularly bring such actions. There is simply no reason to look beyond the Twin Cities legal market in determining the prevailing rate for civil-rights attorneys.

The parties have submitted detailed evidence regarding, among other things, Williams's experience and accomplishments, hourly rates charged by attorneys in the Twin Cities, fees that Williams has been awarded in the past, and fees that other lawyers have been awarded in the past. The Court has carefully reviewed this evidence in light of the 12 factors identified by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). The Court largely agrees with the City's analysis and finds persuasive the authorities on which the City relies.

Determining an hourly rate for Williams is complicated by the fact that he is a solo practitioner, and therefore he did all of the legal work in this case—including simple tasks that, in a larger firm, would be done by a junior attorney billing at a relatively low rate, and sophisticated tasks that, in a larger firm, would be done by an experienced attorney billing at a relatively high rate. For example, if a larger firm had been handling this case, the Court would expect an experienced attorney to argue the summary-judgment motions (as Williams did), but the Court would not expect an experienced attorney to research such basic issues as "whether a municipality can be

held liable under *Monell* if its policy is not unconstitutional on its face" (as Williams also did). Williams Decl. Ex. F at 2, ECF No. 38-1.

Williams has been practicing law for eight years, which, in a typical law firm, would make him a senior associate or junior partner. Unlike a typical senior associate or junior partner, however, Williams has spent a lot of time in court, including trying cases. Williams is a capable attorney, he has had success in past civil-rights cases, he achieved a good outcome for his client in this case, and he ran some risk in taking this case (which likely would have had little jury appeal). Based on its own knowledge of the prevailing rates in the Twin Cities legal market (which have been somewhat stagnant in recent years due to the poor legal economy)—and based on the authorities cited by both parties—the Court finds that an hourly rate of $335 is reasonable.

### B. Hours Worked

Williams initially asked to be compensated for 127.1 hours. *See* Williams Decl. 1 at 9; Pl. Pet. 19. That struck the Court as eminently reasonable, and the City did not really disagree. The City did object to Williams being paid for 3.1 hours of clerical and unrelated work, and the City argued that he should be paid at $100 per hour for .8 hours of paralegal work. Williams does not appear to contest the City's objections, acknowledging that the parties "agree that the amount of time Plaintiff's lawyer spent

on this case was reasonable. The only issue for the Court is whether counsel's requested hourly rate is reasonable." Pl. Reply Br. 3, ECF No. 47.

Based on the parties' agreement and its own review, the Court accepts the City's calculation. The Court therefore will order the City to compensate Williams for 123.2 attorney hours (at $335 per hour) and .8 paralegal hours (at $100 per hour), for a total fee award of $41,352.

## II.  COSTS

The parties agree that Lynch is entitled to recover reasonable costs. Lynch asks for $1,248.50. To support her request, she initially submitted only Williams's internal expense log. Williams Decl. 1 Ex. G. After the City objected, Lynch submitted invoices to support her request. The Court finds that these costs are reasonable, including the cost of obtaining a transcript of the summary-judgment hearing. (That transcript would have been valuable in preparing for and conducting the settlement conference, as the Court thoroughly described its views about the merits of the claims.) The Court therefore awards Lynch $1,248.50 in costs.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court GRANTS IN PART plaintiff's petition for attorney fees and costs [ECF

No. 36]. Accordingly, IT IS HEREBY ORDERED THAT plaintiff shall recover a total of $42,600.50, which represents $41,352 in attorney's fees and $1,248.50 in costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 15, 2016            s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge